

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Allen Melton
Assistant District Attorney
Records Building, Dallas County
Dallas-2, Texas

Dear Sir:

Opinion No. O-6115

Re: Where property is sold for the satisfaction of taxes and purchased at sale by the State of Texas, and, subsequent to the two year period of redemption, said property is resold for a sum of money in excess of the judgment, interest, and costs of such suit, then to whom shall the excess money be paid? And related questions.

You present for the opinion of this department the questions contained in your letter reading as follows:

"On April 16, 1938, the State of Texas, for itself, and in behalf of the County of Dallas, recovered a judgment in the 44th Judicial District Court of Dallas County, for $117.67 in foreclosure of taxes on certain real property located in Dallas County for the years 1933, 1934, 1935 and 1936. On the 7th day of February 1939, this property was sold to the State of Texas for $135.15, that being the amount of judgment, interest and costs. As usual, in such instances, no money was received but a deed was made by the Sheriff of Dallas County and filed of record with the County Clerk conveying this property to the State of Texas. Thereupon, following the expiration of the two year period of redemption, the Sheriff advertised this property for resale in the name of the State of Texas, and on June 6, 1944, sale was made to a valid purchaser for the same property for the sum of $675.00.

"While the judgment of April 16, 1938, provided for interest on the $117.67, at the rate of 6% per annum, the interest, court costs, and judgment does not amount to the total sum received at the sale as made on June 6th.

"Section 9, of Article 7345b, at page 447 of Vol. 20, Vernon's Revised Civil Statutes, provides that

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Allen Melton, page 2

"'The Sheriff shall apply the proceeds from such sale, first, to the payment of all costs in said unit and all costs and expenses of sale and resale and all attorney's fees and reasonable expenses taxed as costs by the Court in said suit and shall distribute the balance among the taxing units participating in said original judgment pro rata and in proportion to the amount of their tax liens against such property as established in said judgment.'

"We construe the above to mean that all costs in the suit shall be paid, and after such expenses, as are provided by law, have been satisfied, the remaining money shall be distributed among the tax units participating in the judgment according to the amount of the taxes in such judgment as are due each unit.  In this instance the distribution would be made pro rata between the State of Texas and the County of Dallas, there being no other tax units involved.  Our first question, therefore, is

"(1) Where property is sold for the satisfaction of taxes and purchased at sale by the State of Texas, and, subsequent to the two year period of redemption, said property is resold for a sum of money in excess of the judgment, interest, and costs of such suit, then to whom shall the excess money be paid?

"After such money is paid over to the tax units proportionate to their tax claim in such judgment, then in what manner shall the Tax Collector of the County receipt for such money and distribute same?

"In view of your Opinion No. O-5668, which seems to say that property bought by the State of Texas, at a first sale, which is normally in satisfaction of the tax judgment, 'that such property should be carried on the tax rolls as is other non-taxable property owned by the State.'  In other words, a conclusion we draw from such an opinion is that, after the State of Texas has bought the property taxes against such property, in so far as the tax units involved in the judgment are concerned, shall stop running by such tax units against such tax property.

"My next question is in connection with that opinion with this particular piece of property in mind

"(2) Where property has been sold to the State of Texas and resold after the redemption period to an innocent purchaser for an amount in excess of the judgment, interest, and costs, should any part of the money in excess be applied to the settlement of delinquent taxes covering years since said judgment coverage, when property was carried on the tax rolls for such years.

Hon. Allen Melton, page 3

"If not, can those taxes, in any manner, be collected?

"Would the same restrictions apply to other tax units, as Cities and School Districts?

"In view of the fact that we have money on hand for distribution, which money is now held by the District Clerk of Dallas County, I should be appreciative of your prompt consideration and advice."

We believe that all your questions have been previously answered by this department with the possible exception of the second paragraph of your first question as to the receipt to be issued by the Tax Collector of the County under the conditions mentioned by you. We shall answer this question first to have it out of the way.

Article 7345b of V. A. C. S., provides in part:

". . . The Sheriff shall apply the proceeds from such sale, first, to the payment of all costs in said unit and all costs and expenses of sale and resale and all attorney's fees and reasonable expenses taxed as costs by the Court in said suit and shall distribute the balance among the taxing units participating in said original judgment pro rata and in proportion to the amount of their tax liens against such property as established in said judgment."

You will observe that the Sheriff is directed to make the distribution of the proceeds from the sale, after first paying certain preferred items mentioned in the statute, among the taxing units parties to the judgment. Since in your case only State and County taxes are involved, the net proceeds of the sale would be paid to the County Tax Collector in his legal capacity as collector of State and County taxes. We know of no special form of receipt provided by statute to be issued by the collector to the sheriff evidencing the receipt of the proceeds of such a sale. We believe any form of receipt reflecting the amount, the land involved, the cause number, and the apportionment of State and County taxes would suffice to meet every requirement. It perhaps should be issued under the seal of the Tax Collector as other tax receipts.

Hon. Allen Melton, page 4

Your first question restated reads:

"(1) Where property is sold for the satisfaction of taxes and purchased at sale by the State of Texas, and, subsequent to the two year period of redemption, said property is resold for a sum of money in excess of the judgment, interest, and costs of such suit, then to whom shall the excess money be paid?"

In opinion No. O-3729 this department ruled on a question substantially the same as presented by you. After quoting from Article 7345b, as above, it was said:

"The above quoted article directs the Sheriff to take the proceeds from the sale and to first pay all costs and then to distribute the remainder among the taxing units participating in the original judgment pro rata and in proportion to the amount of their respective tax liens established in the tax judgment against the property. We believe this is the method to be followed in the distribution of the money realized at the second sale regardless of whether the money received at said second sale is insufficient to satisfy all costs and the amount of the original judgment or whether said amount is in excess of the costs and the amount of the original judgment."

In opinion No. O-6000 upon the same question it was said:

"Section 9 of Article 7345b, Vernon's Annotated Civil Statutes, provides in part:

"'*   *   * The sheriff shall apply the proceeds from such sale, first, to the payment of all costs in said unit and all costs and expenses of sale and resale and all attorney's fees and reasonable expenses taxed as costs by the Court in said suit and shall distribute the balance among the taxing units participating in said original judgment pro rata and in proportion to the amount of their tax liens against such property as established in said judgment.'

Hon. Allen Melton, page 5

"We have carefully considered the case of Booty, et al.,
v. State, 149 S. W. (2d) 216, and it is noted that this suit
was filed in 1932 as provided by Article 7326, Vernon's
Annotated Civil Statutes, and that on October 12, 1932,
judgment was rendered foreclosing the tax lien; and on
February 7, 1933, after notice of sale as required by
Article 7328, Vernon's Annotated Civil Statutes, the land
was sold to the State of Texas for the amount of the taxes.

"Assuming for the purposes of this opinion that the
tax suit and sale of the tract of land in question was
subsequent to the effective date of Article 7345b, Vernon's
Annotated Civil Statutes, the tax suit and sale was in
accordance with the provisions of said statute. This being
true, the case of Booty, et al. v. State, supra, has no
application to the question under consideration, as this
case was instituted long prior to the effective date of
Article 7345b, supra. Therefore, we are constrained to
adhere to our former ruling contained in Opinion No. 0-3729."

You present the further questions:

"(2) Where property has been sold to the State of
Texas and resold after the redemption period to an innocent
purchaser for an amount in excess of the judgment, interest,
and costs, should any part of the money in excess be applied
to the settlement of delinquent taxes covering years since
said judgment coverage, when property was carried on the tax
rolls for such years.

"If not, can those taxes, in any manner, be collected?

"Would the same restrictions apply to other tax units,
as Cities and School Districts?"

The first part of this question stated another way is:
Can State and County taxes become delinquent for years subsequent
to the years covered by a judgment in favor of the State and
purchased by the State, but prior to a second sale by the State
after the period of redemption has expired. Our answer to this
question is in the negative, consistent with our prior opinions
Numbers 0-5668 and 0-5506, the first of which you have a copy,
and we enclose a copy of the second. Since we have held, however,
that the excess, if any, is to be prorated between the taxing
units in proportion to their respective claims, the State and
County receive it; but strictly speaking we would not consider
this excess in the nature of a tax upon the property involved,

Hon. Allen Melton, page 6

but money incident thereto and to be paid over to the taxing units as specifically provided in Article 7345b, V. R. C. S., supra. This Article applies with uniformity to all taxing units, as cities and school districts, made parties by voluntary action or by force of the statute as in special instances therein provided.

It should be observed that while this statute does not specifically prescribe how the excess is to be applied after receipt by the respective taxing units involved, the logical assumption is that it is to be treated as other ad valorem taxes, and remitted by the tax collector to the Comptroller of Public Accounts in the case of State taxes and to the county treasurer in the case of county taxes, and allocated to the funds provided by law in proportion to the applicable rates.

Your last question is: Is there any method provided for the collection of taxes on land during the intervening time covered by the years between those involved in the judgment and the sale by the State, or other taxing unit after the period of redemption. Our answer is in the negative, for the obvious reason, as we pointed out in opinion No. 0-5668, there is no "owner" in the sense contemplated by statute against whom the assessment could be made, but such property should be carried on the rolls as other non-taxable property owned by the State.

We trust that the foregoing answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

27 1944

By

D. P. Lollar
Assistant

LPL:AMH

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN